IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOYCE WILLIAMS,

    Plaintiff,　　　　　　　　　　No. CIV. S-11-1346 MCE GGH PS

    vs.

TECHNIQUE TOWING/ADVANCED AUTOMOTIVE/GB7, et al.,

    Defendants.　　　　　　　　　　ORDER
_____/

    Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has not paid the fee ordinarily required to file an action in this court, and has filed an incomplete application to proceed without prepayment of fees. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

    Even had plaintiff completed this court's form application to proceed in forma pauperis, and demonstrated a proper basis to proceed without prepayment of funds, this court would not permit the action to proceed upon the filed complaint.

////

1

1      A determination that a plaintiff may proceed in forma pauperis does not complete
2   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case
3   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or
4   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
5   an immune defendant.
6      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
8   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
9   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
10  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
11  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
12  Cir. 1989); Franklin, 745 F.2d at 1227.
13     A complaint must contain more than a "formulaic recitation of the elements of a
14  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
15  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
16  "The pleading must contain something more...than...a statement of facts that merely creates a
17  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
18  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
19  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
20  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
21  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
22  the court to draw the reasonable inference that the defendant is liable for the misconduct
23  alleged."  Id.
24     Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
25  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
26  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

1 | plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
2 | dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
3 |         The complaint alleges that defendants confiscated plaintiff's vehicle and property
4 | without a warrant or due process, and forced her into involuntary servitude by requiring her to
5 | labor.  Plaintiff provides no further detail to this claim.  Plaintiff alleges violations of the Fourth,
6 | Fifth and Fourteenth Amendments, as well as 42 U.S.C. § 1984 ("knowledge of the law"), Fed.
7 | R. Civ. P. 26(e) (discovery of the law), Fed. R. Civ. P. 9 (constructive fraud), 42 U.S.C. § 1986
8 | (neglect), 76-6-401 U.C.A. (to prevent theft of property), 18 U.S.C. § 241 (conspiracy against
9 | rights), 18 U.S.C. § 242 (deprivation of rights), 18 U.S.C. § 872 (extortion of rights), and 18
10 | U.S.C. § 1986 ("silence witness defending each other").  Plaintiff seeks damages and injunctive
11 | relief.
12 |         Claims for constitutional violations such as violation of due process and seizure
13 | without a warrant (and implicitly 42 U.S.C. § 1983, the vehicle for pursuing damages claims for
14 | federal constitutional and statutory violations) require state action.  To succeed on a § 1983
15 | damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the
16 | Constitution or laws of the United States, but that defendant acted under color of state law.  West
17 | v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).  A § 1983 claim can lie against a private party
18 | only when "he is a willful participant in joint action with the State or its agents." Dennis v.
19 | Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980).  Here, defendants are private parties and
20 | therefore plaintiff may not maintain a cause of action for constitutional violations under § 1983
21 | against them.
22 |         Plaintiff also claims a violation of 42 U.S.C. § 1984 but portions of that act were
23 | declared unconstitutional and the remaining sections were repealed.
24 |         Another claim is brought under section 1986 of Title 42, United States Code,
25 | which provides:
26 | ////

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

Section 1985 concerns conspiracy to interfere with civil rights and applies (1) where an officer is prevented from performing his or her duties, (2) obstructing justice, or intimidating a party, witness or juror, and (3) conspiring to deprive anyone of equal protection of the laws. Plaintiff has not alleged any of these violations, and because § 1985 does not apply, § 1986 also does not apply.

Plaintiff's claims under Title 18 U.S.C. must fail because these criminal statutes do not provide a private right of action. See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir.1999) (district court properly dismissed claims brought under the California Penal Code because the statutes do not create enforceable individual rights). It is also well established that private actions are maintainable under federal criminal statutes in only very limited circumstances. Cort v. Ash, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088 (1975); Bass Angler Sportsman Soc. v. United States Steel Corp., 324 F.Supp. 412, 415 (S.D.Ala.1971), citing United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878); United States v. Jourden, 193 F. 986 (9th Cir.1912). In this case, there is no private right of action under 18 U.S.C. §§ 241, 242, or 872.[1] See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241, 242); Storm-Eggink v. Gottfried, 409 Fed. Appx. 426, 2011 WL 310320 (2nd Cir. 2011) (same); Gipson v. Callahan, 18 F.Supp.2d 662, 668 (W.D. Tex. 1997) (18 U.S.C. § 872). If plaintiff chooses to amend her complaint, she must eliminate these criminal statutes which do not provide a private right of action, or these claims will be dismissed.

---

[1] 18 U.S.C. § 1986 does not exist.

4

Federal Rule of Civil Procedure 26 is merely a discovery rule. It does not provide a cause of action.

Plaintiff also refers to "76-6-401 U.C.A." A search of this code indicates it is a Utah state code and has no applicability in California.

Finally, plaintiff alleges "constructive fraud" under Rule 9. Federal Rule of Civil Procedure 9, titled "Pleading Special Matters," provides as follows with regard to claims of "Fraud or Mistake; Conditions of Mind:"

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Accordingly, pursuant to Rule 9(b), a plaintiff at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[2]

If plaintiff intends to proceed with this claim, she must amend her complaint under the standards set forth above. Plaintiff is warned, however, that to allege such a state law

---

[2] In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

1  claim without any other federal claims in her amended complaint, there must be independent
2  grounds of subject matter jurisdiction.
3       A federal court is a court of limited jurisdiction, and may adjudicate only those
4  cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,
5  511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the
6  judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts
7  as the Congress may from time to time ordain and establish."  Congress therefore confers
8  jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt
9  v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter
10 jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v.
11 Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).
12      The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
13 question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
14 matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
15 Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
16 assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
17 Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
18 to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
19 Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).
20      For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be
21 diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal
22 question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a
23 federal law or the United States Constitution, (2) allege a "case or controversy" within the
24 meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr,
25 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).
26      In her amended complaint, plaintiff must either state a claim that raises a federal

question in addition to her properly pled fraud claim, or if she alleges only a state law fraud claim, she must allege diversity jurisdiction.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff shall submit, within twenty-eight (28) days from the date of this order, either a completed application and affidavit in support of her request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed;

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: July 11, 2011

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Williams1346.amd.wpd